## John W. Hersey et al.

## v.

## George E. Westover.

1. Right of court to impose terms.—Where a party to a suit is in default, and to maintain his standing in court is compelled to ask for indulgence, the court, on granting his motion, may impose terms in his discretion, but the terms imposed must be reasonable and not inconsistent with the ordinary rules of law. When the discretion exercised transcends these limits, it becomes erroneous and liable to reversal in an appellate court.

2. Rule on bail to justify—Payment of expenses in investigating title.—Where, on appeal from a justice of the peace, the appellant was ruled to present a good and sufficient surety upon his appeal bond, and after several attempts to answer the rule, during which the appellee was put to some expense in investigating the responsibility of the sureties offered, the appellant was ruled to furnish sufficient surety and pay appellee $25, by a day named, it was error to order his appeal dismissed upon a failure to pay the terms imposed, it not appearing that the surety offered was insufficient. Such terms were unreasonable.

3. Rule to furnish abstract of title.—An order to compel the appellant to furnish the appellee with an abstract of title to the property of the surety, is unreasonable.

Appeal from the Circuit Court of Cook county; the Hon. Thomas A. Moran, Judge, presiding. Opinion filed January 4, 1881.

Mr. William B. Bradford, for appellants.

Messrs. Shufeldt & Westover, for appellee; as to the power of the court to require a good appeal bond, and dismiss the appeal for want of it, cited Wood v. Tucker, 66 Ill. 276; Smith v. Davis, 89 Ill. 204.

The sufficiency of the surety is a matter discretionary with

the court, and no appeal will lie for dismissing the appeal : Bennett v. Pierson, 82 Ill. 424.

The motion to set aside the order of dismissal is discretionary : Smith v. Davis, 89 Ill. 204.

BAILEY, J.    This was an action of forcible detainer, brought by Westover against Hersey and wife, before a justice of the peace of Cook county, to recover possession of certain premises claimed by the plaintiff, as purchaser at a sale made under a power of sale in a deed of trust.    Judgment having been rendered by the justice in favor of the plaintiff, the defendants perfected an appeal to the circuit court, their appeal bond being filed in the office of the clerk of said court, and approved by said clerk.

Subsequently, the plaintiff entered his motion, based upon affidavits showing the insufficiency of said bond both as to the amount of the penalty and the responsibility of the surety, for a rule on the defendants requiring them to file a sufficient appeal bond.    This motion being granted, the defendants presented an amended appeal bond conforming, as to the penalty, to the order of the court, and after offering one or more sureties who, on investigation, were found to be of insufficient responsibility, finally succeeded in procuring sureties who, on examination in open court, were held to be sufficient, and the bond was thereupon approved by the court.

Afterwards the plaintiff filed affidavits attacking the sufficiency of the sureties on the last mentioned bond, and again moved for a rule on the defendants to file an appeal bond with sufficient sureties, which motion was granted, and the defendants ordered, within a time limited, to file such bond.    The defendants not being able to furnish the required sureties within the time limited, the rule was, on their motion, extended from time to time down to June 10, 1880, on which day the defendants produced in open court, one John H. McDonald, a resident of Cook county, and offered him as surety on said bond in compliance with said rule.    No examination was made as to the responsibility of this surety, nor was his sufficiency passed upon by the court, and no reason for his non-acceptance

Hersey v. Westover.

appears in the record, except that it is recited in the bill of exceptions that the defendants had not furnished the plaintiff with his name and a description of his property previous to his appearance in court as had been directed by the court.

The rule was thereupon extended to June 14th, such extension being granted on motion of the defendants. It appearing to the court that the plaintiff had been put to great expense in examining into the sufficiency of the various sureties proposed by the defendants, it was also at the same time ordered, that before said 14th day of June, the defendants should pay to the plaintiff the sum of $25, to reimburse him for said expenses, and also furnish him, before that day, with an abstract of the property of their proposed surety. On said 14th day of June, the defendants again offered to produce said McDonald as an additional surety on their appeal bond, and moved the court to examine him on oath touching his sufficiency; but the defendants having failed and refused to pay the plaintiff said sum of $25, and to furnish him with said abstract, the court refused to accept said surety or to examine into his sufficiency, but dismissed the appeal for non-compliance with the order to pay said money and furnish said abstract, and awarded the plaintiff a writ of *procedendo* to the justice. To this decision the defendants duly excepted, and afterwards, at the same term, entered their motion to vacate said order of dismissal, and for leave to have said surety justify, which motion was denied, and an exception duly taken. From these several orders the defendants have appealed to this court, and assigned errors.

It is undoubtedly true that when a party to a suit is in default so as to be compelled, in order to maintain his standing in court, to ask for a grace or indulgence to which he is not entitled as a matter of right, the court has the power, in its discretion, on granting his motion, to impose terms, and the exercise of such discretion will not ordinarily be reviewed on appeal. But this must be understood as subject to the qualification that the terms imposed must be reasonable, and not inconsistent with the ordinary rules of law. The discretion which a court may exercise in such cases is a legal discretion, and must be exercised in subordination to established legal

principles, and when it transcends those limits it becomes erroneous, and is liable, like other erroneous judgments, to reversal in an appellate court.

We are not satisfied, from anything appearing in the record, that the defendants, at the time the rule was extended from the 10th to the 14th of June, were in default in any such sense as justified the court in imposing terms. They had been ruled to give further security on their appeal bond, and in response to that rule they had produced in court and offered as an additional surety a person who, so far as appears, may have been a man of sufficient responsibility. The record does not show that any express objection was made to his sufficiency, and as the court refused to receive or consider any proof on that subject, but rejected him on other grounds, it must be presumed, for the purposes of this appeal, that he was responsible. How, under these circumstances, it could be held that the defendants were so far in default as to justify the imposition of terms, upon a further extension of the rule, though granted on their motion, it is difficult to see.

The only justification to be found is in the recital in that portion of the bill of exceptions which states the proceedings in court on the 10th of June, to the effect that the defendants had failed to follow a direction of the court to submit to the plaintiff the name of the proposed surety and a description of his property before producing him in court. How such direction was given does not appear. It is nowhere contained in the order requiring further security, nor in any of the orders extending the rule. It must then have been a mere verbal direction, not reduced to record. We very much question the propriety of making a mere verbal direction of the court a basis for subsequent judicial action, especially where the action sought to be based upon it is the imposition of terms upon the party disregarding it.

But assuming that the defendants were in default, so that the extension of the rule from the 10th to the 14th was an act of grace to them, we are of the opinion that the terms imposed were neither reasonable nor consistent with the ordinary rules of law. According to the practice which has uniformly pre-

Hersey v. Westover.

vailed in this State, the only expenses of a suit at law which the prevailing party is in any event entitled to recover, are the costs which, under the statute, may be taxed as such, which include merely the fees and disbursements of the officers of court and witnesses. It has never been the policy of our law to throw upon the unsuccessful party the burden of paying the fees of his adversary's attorney, or any other expenses or disbursements incident to the litigation, beyond the mere taxed costs. It thus happens that parties to suits are usually put to considerable and often to very burdensome expenses, for which the law, even when they are successful in their suit, does not seek to furnish them with any remuneration.

The expenses incident to investigating the responsibility of the several sureties offered by the defendants in this case were of this character. There is no rule of law by which the plaintiff could ask to have such expenses taxed against the defendants, any more than he could ask to have the fees paid his attorney, or his own personal expenses, incurred in litigating the suit, so taxed. They were expenses which in no event could be proper charges against the defendants, and for which they were in no way liable. In contemplation of law, they stood on no different footing, so far as the defendants were concerned, from any other expenditure to which the plaintiff may have been subjected in the prosecution of his business. The order requiring their payment by the defendants, had no basis in any legal obligation, either fixed or contingent, and was no more just or reasonable than would have been an order requiring the payment to the plaintiff of a like sum of money as the condition or price of an extension of the rule, wholly irrespective of any consideration of the expenses to which the plaintiff may have been subjected in investigating the sufficiency of the defendant's sureties. It follows that the order requiring the defendants to pay the plaintiff $25 on account of these expenses was inconsistent with the well established rules of our practice, and was therefore erroneous.

We are also of the opinion that the order requiring the defendants to furnish the plaintiff with an abstract of the property of their proposed surety was unreasonable. It was not

shown that any such abstract was in the possession, or under the control of the defendants, or even of their surety, and it does not appear that there were any means of complying with the order within their control, short of procuring an abstract at the proper abstract office specially for this purpose. It has never been the practice to require a party giving a bond in the course of a judicial proceeding, to furnish an abstract of the tit'e to the property of his proposed surety, in order to establish his responsibility. The ordinary mode of justifying a surety is, by the affidavit or testimony of the surety himself, or of other credible witnesses who may be acquainted with his pecuniary circumstances. Either party may, undoubtedly if he sees fit, resort to other competent evidence, but if he does so, he must procure the evidence for himself. But an abstract of title, had once 'been produced, would not, unless it appeared to have been made in the usual course of business prior to the great fire of 1871, have been competent as evidence, and could not have been received as such. Its only office would have been to aid the plaintiff in his investigations as to the responsibility of the surety.

It is well known that the cost of procuring an abstract of title to real estate in Cook county is often very considerable, and an order requiring the defendants to make such expenditure merely for the purpose of aiding the plaintiff in his investigations, was, under the circumstances, unreasonable, and an innovation upon the established practice in this state. We think that the furnishing of such abstract could not be properly imposed upon the defendants as terms upon which a discretion in their favor should be exercised.

It is urged that no complaint can now be made of the order of June 10th, as it was not excepted to, at the time. While this point has occasioned some doubt in our minds, we think the question as to the propriety of this order was sufficiently saved by the exception to the order dismissing the appeal for non-compliance with the order of June 10th, and by the exception to the order denying the motion to vacate the order of dismissal, all of these orders having been made at the same term of court.

For the reasons above assigned the judgment will be reversed and the cause remanded.

Judgment reversed.